**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Konarski, et al., | No. CV-13-01145-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Rankin, et al., | |
| Defendants. | |

On June 6, 2013, Judge Bury granted Plaintiff's motion to transfer this action from the Tucson Division to the Phoenix Division of the District of Arizona. Doc. 15. Following transfer, service was executed on Defendants. Docs. 18-29. On June 27, 2013, Defendants filed a motion to transfer the case back to the Tucson Division, alleging that venue in the Phoenix Division is improper. The motion is fully briefed. Docs. 36, 44. For the reasons that follow, the Court will grant the motion and transfer the case to the Tucson Division.

28 U.S.C. § 1391 states that civil actions may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." The District of Arizona is divided into three divisions pursuant to Local Rule 77. With respect to location of trials, Local Rule 77.3 provides: "Unless otherwise ordered by the Court, all civil and criminal cases founded on causes of

1  action (1) arising in Phoenix shall be tried in Phoenix, (2) arising in the Prescott division
2  shall be tried in Prescott, and (3) arising in the Tucson division shall be tried in Tucson."
3  "For the convenience of parties and witnesses, in the interest of justice, a district court
4  may transfer any civil action to any other district or division where it might have been
5  brought or to any district or division to which all parties have consented."  28 U.S.C.
6  1404(a).  Transfers to different divisions within the same districts may be granted "[u]pon
7  motion, consent or stipulation of all parties[.]"  28 U.S.C. 1404(b).

8      Neither party disputes that this action arose in the Tucson Division and all
9  Plaintiffs and all individual Defendants are residents of Tucson, Arizona.  Doc. 12 ¶¶ 1,
10 3-7; Doc. 31 at 5.  Defendants contend that under § 1404 and the local rules, the Tucson
11 division is the only appropriate division for this case.  Based on those facts, the Court
12 agrees that this action should be tried in the Tucson Division.

13     Judge Bury granted Defendant's motion to transfer the case to Phoenix before the
14 Defendants had been served and therefore without the benefit of Defendants' briefing.
15 Plaintiffs cite *Perlman v Jackson Hewitt Inc.*, No. CV-10-051-LRS, 2010 U.S. Dist.
16 LEXIS 94382, at *5 (E.D. Wash. Sep. 10, 2010), and claim that it stands for the
17 proposition that the Court lacks authority to grant Defendant's motion.  The Court does
18 not agree.  *Perlman* concluded that a district court no longer had jurisdiction to consider a
19 motion to reconsider after it had transferred a case to another district.  *Id*. at *2-3.  This
20 Court has jurisdiction over this action and authority to grant Defendants' motion pursuant
21 to 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying
22 venue in the wrong division or district shall dismiss, or if it be in the interest of justice,
23 transfer such case to any district or division in which it could have been brought.").

24     The Court has also considered Plaintiffs' stated reasons for requesting transfer and
25 finds those reasons insufficient to overcome the presumption that a case with events
26 arising exclusively in Tucson and with Plaintiffs and Defendants who are all residents of
27 Tucson should be tried in the Tucson Division.

28

1     **IT IS ORDERED** that Defendants' motion to transfer (Doc. 31) is **granted.** This
2 action is hereby transferred to the Tucson Division of the District of Arizona.
3     Dated this 22nd day of August, 2013.

_____
David G. Campbell
United States District Judge